IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DENISE SHEPHERD,

        Plaintiff,                Case No. 3:09-cv-448

vs.                                       Judge Thomas M. Rose

MICHAEL J. ASTRUE,            Magistrate Judge Michael R. Merz
Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING SHEPHERD'S OBJECTIONS (Doc. #15) TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS ; ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #14) IN ITS ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT SHEPHERD WAS NOT DISABLED AND TERMINATING THIS CASE**
_____

      Plaintiff Denise Shepherd ("Shepherd") has brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Defendant Commissioner of Social Security (the "Commissioner") denying her application for Social Security disability benefits. On October 6, 2010, United States Magistrate Judge Michael R. Merz entered a Report and Recommendations (doc. #14) recommending that the Commissioner's decision that Shepherd was not disabled be affirmed. Shepherd subsequently filed Objections (doc. #15). The time has run and the Commissioner has not responded to Shepherd's objections. This matter is, therefore, ripe for decision.

      Shepherd sought both disability insurance benefits ("SSD") and supplemental security

benefits ("SSI") alleging disability from August 1, 2005.[1] Shepherd's applications were denied initially and on reconsideration. Shepherd then filed an action in this Court seeking judicial review.

Based upon the reasoning and citations of authority set forth in the Magistrate Judge's Report and Recommendations (doc. #14) and in Shepherd's Objections (doc. #15), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript, and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing, affirms the Commissioner's decision that Shepherd was not disabled. Finally, Shepherd's Objections to the Magistrate Judge's Report and Recommendations are overruled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the Administrative Law Judge's ("ALJ's") decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*,

---

[1]Shepherd's alleged onset date of disability was amended to July 22, 2006, at the administrative hearing.

*supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ's decision is supported by substantial evidence and the ALJ applied the correct legal criteria. WHEREFORE, based upon the aforesaid, Shepherd's Objections to the Magistrate Judge's Report and Recommendations (doc. #15) are OVERRULED, and this Court adopts the Report and Recommendations of the United States Magistrate Judge (doc. #14) in its entirety. The Commissioner's decision that Shepherd was not disabled and, therefore, not entitled to benefits under the Social Security Act is AFFIRMED.

The captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this 16th day of November, 2010.

.                                        **s/Thomas M. Rose**

                                                                         _____
                                                                          JUDGE THOMAS M. ROSE
                                                                          UNITED STATES DISTRICT COURT

Copies furnished to: Counsel of Record